Tyrus Demond Green v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-277-CR

Â Â Â Â Â TYRUS DEMOND GREEN,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 27,044
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Tyrus Demond Green pleaded guilty to the offense of possession of cocaine in the amount of
four grams or more but less than two-hundred grams. Pursuant to a plea agreement, the court
adjudged him guilty and assessed punishment at twenty-seven yearsâ imprisonment. He claims in
a single point that the trial court erred in denying his motion to suppress evidence.
Background
Â Â Â Â Â Â Officers Hill and Jock were dispatched to the West Ridge apartments in Corsicana to issue a
criminal trespass citation to Robert Weatherspoon. The officers arrived at the apartment where
Weatherspoon was staying and knocked on the door. A small child opened the door and left,
leaving the door open. The officers, while standing in the doorway, noticed the strong smell of
burning marihuana, a smoldering cigar or âbluntâ in an ashtray, and a crumpled plastic baggie
located near Green and Weatherspoon. They also noticed Weatherspoon make movement toward
a cigar box located between Green and Weatherspoon. The officers entered the apartment and
seized the box. Finding marihuana in the box, they arrested Green and Weatherspoon. The
officers asked Green for permission to search the rest of the apartment, to which he replied, âI
donât care.â During the search, the officers located several rocks of crack cocaine. Green was
then charged with possession of cocaine. Green challenged the search of the apartment in a motion
to suppress, alleging that the cocaine was the fruit of an illegal search of the apartment in violation
of the Fourth Amendment.
Standard of Review
Â Â Â Â Â Â A trial courtâs ruling on a motion to suppress is within the sound discretion of the trial court. 
See Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); DuBose v. State, 915
S.W.2d 493, 496-97 (Tex. Crim. App. 1996). Therefore, we review the record and all reasonable
inferences therefrom in the light most favorable to the trial courtâs ruling. Id. We will sustain
the trial courtâs ruling if it is reasonably supported by the record and is correct on any theory of
law applicable to the case. See Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990);
Westfall v. State, 10 S.W.3d 85, 89 (Tex. App.âWaco 1999, no pet.).
Standing
Â Â Â Â Â Â An accused has standing, under both the state and federal constitutions, to challenge the
admission of evidence obtained by a governmental intrusion only if he had a legitimate expectation
of privacy in the place invaded. See Rakas v. Illinois, 439 U.S. 128, 143, 99 S.Ct. 421, 430, 58
L.Ed.2d 387 (1978); Villarreal, 935 S.W.2d at 138. To establish a legitimate expectation of
privacy, the defendant must show that: 1) he exhibited an actual, subjective expectation of privacy;
and 2) society is prepared to recognize his subjective expectation of privacy as objectively
reasonable. See Villarreal, 935 S.W.2d 134 at 138 (citing Smith v. Maryland, 442 U.S. 735, 740,
99 S.Ct. 2577, 2580, 61 L.Ed.2d 220 (1979)). Furthermore, because the defendant has greater
access to the relevant evidence, the Court of Criminal Appeals has consistently held that the
defendant bears the burden of proving that he had a legitimate expectation of privacy in the
premises searched. Id.; see also Oles v. State, 993 S.W.2d 103, 108 (Tex. Crim. App. 1999);
State v. Mercado, 972 S.W.2d 75, 78 (Tex. Crim. App. 1998); State v. Klima, 934 S.W.2d 109,
110 (Tex. Crim. App. 1996). In bringing the motion to suppress, Green bore the burden of
establishing all of the elements of his Fourth Amendment claim, part of which includes
establishing a privacy interest. See Villarreal, 935 S.W.2d at 138; Klima, 934 S.W.2d at 111.
Â Â Â Â Â Â The record shows that when questioned by the officers, Green stated that he lived at the
apartment. Officer Jock testified that he found bills in the apartment that were addressed to both
Green and his girlfriend Leslie Bender. He also testified that the leasing agent told him that Green
lived in the apartment. However, Green stated at the suppression hearing that âmy name is not
on the leaseâ and âthat wasnât my residence.â We find that, although the evidence is conflicting,
there is sufficient evidence that Green did reside at the apartment. Consequently, he has standing
to complain of the allegedly illegal search.
 Consent
Â Â Â Â Â Â The officers asked Green if he lived in the apartment, to which Green answered affirmatively. 
After performing a protective sweep of the apartment, the officers asked Green for permission to
search the apartment, to which he answered, âI donât care.â Acting with consent, the officersâ
search of the drawers in a bedside table discovered the cocaine.
Â Â Â Â Â Â Consent to search is a well established exception to the warrant requirement. See Schneckloth
v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043-44, 36 L.Ed.2d 854 (1973); White v.
State, 21 S.W.3d 642, 645-46 (Tex. App.âWaco 2000, pet. refâd.). To be effective, the consent
must be voluntary and not the product of duress or coercion. Id. Green does not complain that
his consent was involuntary. Moreover, the record supports the finding that consent was
voluntary, and we are not at liberty to disturb it. See White, 21 S.W.3d at 645-46; Carmouche
v. State, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000).
Â Â Â Â Â Â Because Green consented to the search, we need not address the warrant exception issues of
plain view or exigent circumstances. We conclude that the officers lawfully searched the premises
and seized the evidence. Accordingly, we overrule point one.
Â Â Â Â Â Â The judgment of the trial court is affirmed. 


Â 
REX D. DAVIS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Affirmed
Opinion delivered and filed October 17, 2001
Do not publish
[CRPM]



rs after
reviewing the records and appellate briefs, if any.) (emphases added).

Â Â Â Â Â Â Â Â Â Â Â  To establish indigence for a civil
appeal, a party must file an affidavit which complies with Rule 20.1.Â  Tex. R. App. P. 20.1(a)(1).

The affidavit of indigence must identify the party
filing the affidavit and must state what amount of costs, if any, the party can
pay.Â  The affidavit must also contain complete information about:

Â 

Â Â Â Â Â  (1) the nature and amount of the partyÂs
current employment income, government-entitlement income, and other income;

Â 

Â Â Â Â Â  (2) the income of the partyÂs spouse and
whether that income is available to the party;

Â 

Â Â Â Â Â  (3) real and personal property the party
owns;

Â 

Â Â Â Â Â  (4) cash the party holds and amounts on
deposit that the party may withdraw;

Â 

Â Â Â Â Â  (5) the partyÂs other assets;

Â 

Â Â Â Â Â  (6) the number and relationship to the party
of any dependents;

Â 

Â Â Â Â Â  (7) the nature and amount of the partyÂs
debts;

Â 

Â Â Â Â Â  (8) the nature and amount of the partyÂs
monthly expenses;

Â 

Â Â Â Â Â  (9) the partyÂs ability to obtain a loan for
court costs;

Â 

Â Â Â Â Â  (10) whether an attorney is providing free
legal services to the party without a contingent fee; and

Â 

Â Â Â Â Â  (11) whether an attorney has agreed to pay or
advance court costs.

Â 

Id.
20.1(b).

Â Â Â Â Â Â Â Â Â Â Â  This affidavit must be filed Âwith or
before the notice of appeal.ÂÂ  Id. 20.1(c)(1).Â  If indigence is timely
contested,[6] the
party claiming indigence Âmust prove the affidavitÂs allegations.ÂÂ  Id. 20.1(g).Â  In the trial court, the party must establish by a preponderance of the
evidence that he Âwould be unable to pay costs Âif [he] really wanted to and
made a good faith effort to do so.ÂÂÂ  Jackson v. Tex. Bd. of Pardons
& Paroles, 178 S.W.3d 272, 275 (Tex. App.ÂHouston [1st Dist.] 2005, no
pet.) (quoting Arevalo v. Millan, 983 S.W.2d 803, 804 (Tex. App.ÂHouston [1st Dist.] 1998, no pet.)); Thomas v. Olympus/Nelson Prop. Mgmt., 97
S.W.3d 350, 352 (Tex. App.ÂHouston [14th Dist.] 2003, order, no pet.) (per
curiam) (quoting Griffin Indus., Inc. v. Thirteenth Court of Appeals,
934 S.W.2d 349, 351 (Tex. 1996) (orig. proceeding)); Baughman, 65 S.W.3d
at 315; White v. Bayless, 40 S.W.3d 574, 576 (Tex. App.ÂSan Antonio 2001,
pet. denied) (per curiam) (quoting In re Sosa, 980 S.W.2d 814, 815 (Tex.
App.ÂSan Antonio 1998, orig. proceeding)).[7]Â  If
the trial court sustains the contest, the appellate court must determine
whether the trial court abused its discretion.Â  Jackson, 178 S.W.3d at
275; Thomas, 97 S.W.3d at 352; Rodgers, 83 S.W.3d at 818; White,
40 S.W.3d at 576.

Â Â Â Â Â Â Â Â Â Â Â  TaylorÂs affidavit includes the
information required by Rule 20.1(b).Â  He filed the affidavit contemporaneously
with his notice of appeal.Â  The Department timely contested his indigence claim
contending the affidavit was untimely and not in proper form.Â  We do not agree
with the DepartmentÂs contentions regarding the timeliness and form of TaylorÂs affidavit.Â  Nevertheless, because the Department timely contested TaylorÂs
indigence claim, Taylor had to prove his indigence.Â  See Tex. R. App. P. 20.1(g).

Â Â Â Â Â Â Â Â Â Â Â  In the indigence hearing, Taylor testified that he is a self-employed carpenter making about $400 per week.Â  He is
not married and has no dependents.Â  He testified that he had nominal sums (less
than $30) on deposit in two bank accounts.Â  He has two vehicles, only one of
which currently works.Â  He has monthly bills of approximately $1,500-$1,800 per
month.

Â Â Â Â Â Â Â Â Â Â Â  On cross-examination, Taylor testified that he has worked in the past as an insurance adjuster.Â  He made as much
as $900 per day when he worked as an adjuster.Â  However, he explained that this
type of position was available only in times of natural disaster and the last
time he worked in this capacity was after Hurricane Wilma struck in October
2005.Â  He has not worked as an insurance adjuster since then because there have
been no more disasters of that magnitude.

Â Â Â Â Â Â Â Â Â Â Â  According to TaylorÂs affidavit, the
trial court found him indigent and appointed counsel to represent him at
trial.Â  Taylor provided affirmative testimony that his monthly income roughly
approximates his monthly expenses and that he is unable to hire an attorney or
pay the costs of appeal.Â  The Department offered no evidence to refute TaylorÂs testimony that his services as an insurance adjuster are not currently in demand.

Â Â Â Â Â Â Â Â Â Â Â  Accordingly, we hold that the court
abused its discretion by finding that Taylor failed to prove his indigence.

Representation

Â Â Â Â Â Â Â Â Â Â Â  We have effectively determined that Taylor established his indigence for purposes of this appeal.Â  However, TaylorÂs counsel
recently filed a nonrepresentation notice, stating that she Âwas dismissedÂ by
the trial court.Â  See Tex. R.
App. P. 6.4.Â  Presumably, counsel was ÂdismissedÂ because of the trial courtÂs
indigence ruling.Â  Because of this CourtÂs holding regarding TaylorÂs
indigence, Taylor is entitled to appointed counsel on appeal.Â  See Tex. R. App. P. 263.405(e) (Vernon Supp. 2007).

Â Â Â Â Â Â Â Â Â Â Â  The Department may contend that, in
light of the trial courtÂs determination that TaylorÂs appeal is frivolous,
counsel should not be appointed to represent Taylor on appeal.Â  However,
section 263.405(e) conditions appointment of counsel on only the indigence
question.Â  Id.Â  In other words, an indigent person has a statutory right
to appointed counsel to represent him in an appeal challenging a courtÂs
determination under section 263.405(d) that his appeal is frivolous.

Â Â Â Â Â Â Â Â Â Â Â  Â Therefore, we will abate this appeal to
the trial court for appointment of counsel.Â  See In re T.V., 8 S.W.3d 448,
450 (Tex. App.ÂWaco 1999, order) (per curiam) (ÂIf Voisinet is indigent, the
trial court shall take such measures as may be necessary to assure effective
representation of counsel, which may include the appointment of new counsel.Â),
disp. on merits, 27 S.W.3d 622 (Tex. App.ÂWaco 2000, no pet.); see also
Tex. Fam. Code Ann. Â§ 263.405(g)
(Âappellate court shall render appropriate orders after reviewing the
recordsÂ); In re K.K., 180 S.W.3d 681, 687-88 (Tex. App.ÂWaco 2005,
order, no pet.) (per curiam) (abating for hearing on ineffective-assistance
claim and discussing numerous parental-rights termination appeals which have
been abated for reasons related to appointed counsel); Brice v. Denton,
135 S.W.3d 139, 149 (Tex. App.ÂWaco 2004, pet. denied) (Gray, C.J., dissenting)
(advocating abatement of parental-rights termination appeal for determination
of Âwhether appointed trial counsel continues to represent the clientÂ).

Â 

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  The trial court abused its discretion by
finding that Taylor failed to prove his indigence.Â  Because the trial court has
dismissed TaylorÂs appointed counsel, we abate the appeal to the trial court
for appointment of counsel.Â  The trial courtÂs order appointing appellate
counsel must be filed with the Clerk of this Court in a supplemental clerkÂs
record within fifteen (15) days after the date of this Order.

Â Â Â Â Â Â Â Â Â Â Â  After the supplemental clerkÂs record
is filed, Taylor or any other party desiring to continue the appeal shall have fourteen
(14) days to file a brief or other response providing a reasonable explanation
for the late filing of TaylorÂs request for preparation of the clerkÂs record.Â 
If a reasonable explanation is not provided, the appeal will be dismissed.

PER CURIAM

Â 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting)

Order issued and filed
November 28, 2007

Publish









[1]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Because this suit was
instituted by the Department of Family and Protective Services, this appeal is
governed by section 263.405 of the Family Code.Â  See Tex. Fam. Code Ann. Â§Â§ 263.401(a), 263.405
(Vernon Supp. 2007).





[2]
Â Â Â Â Â Â Â Â Â Â Â Â Â  This presumption finds further
support in TaylorÂs ÂDesignation of Record on Appeal of Indigency RulingÂ
(emphasis added) which he filed with the district clerk.Â  In this document, Taylor asked the district clerk to file without advance payment of costs a limited clerkÂs
record containing eighteen items filed after the judgment.Â  The district clerk
has complied with this request.

Â 





[3]
Â Â Â Â Â Â Â Â Â Â Â Â Â  This Court has taken a
different approach to ascertain whether an appellant under similar
circumstances desired to appeal adverse indigence and frivolousness rulings.
See In re V.I., 206 S.W.3d 170, 170 (Tex. App.ÂWaco 2006, order) (Gray,
C.J., dissenting) (quoting notice letter sent at behest of majority of
justices).Â  In V.I., this notice letter directed the appellantÂs counsel
to give this Court written notice whether she desired to appeal those rulings.Â 
In that case, however, all this Court had before it was the notice of appeal
(from the termination decree).Â  Here, the Court has both a reporterÂs record
from the post-judgment hearing and a limited clerkÂs record.Â  Therefore, we
limit V.I. to its unique facts.

Â 





[4]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The Court of Criminal Appeals
has implicitly endorsed this CourtÂs insistence on a separate notice of appeal
in such cases.Â  See Whitehead v. State, 130 S.W.3d 866, 870, 880 (Tex. Crim. App. 2004) (discussing when notice of appeal from adverse indigence ruling was
filed and setting date when Ânotice of appeal from the judgment of convictionÂ
would need to be filed).

Â 





[5]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The Clerk of this Court
received the reporterÂs record on October 16.Â  However, it was mailed on
October 11.Â  Thus, the reporterÂs record was timely under the Âmailbox rule.ÂÂ  See
Tex. R. App. P. 9.2(b)(1).





[6]
Â Â Â Â Â Â Â Â Â Â Â Â Â  To be timely, an indigence
contest must ordinarily be filed within 10 days after the indigence affidavit
is filed.Â  Tex. R. App. P. 20.1(e).Â 
However, a party contesting an indigence claim must also keep in mind the
deadlines established by section 263.405 for indigence determinations.Â  See
Tex. Fam. Code Ann. Â§ 263.405(d)
(indigence hearing must be held within 30 days after date final order is
signed); Â Â§ 263.405(e) (trial court shall consider person indigent and appoint
counsel if written order denying indigence claim is not rendered within 36 days
after date final order is signed).

Â 





[7]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The internal quotation finds
its origin in a 1942 decision of the Commission of Appeals.Â  See Pinchback
v. Hockless, 139 Tex. 536, 164 S.W.2d 19, 20 (1942) (quoted by Allred v.
Lowry, 597 S.W.2d 353, 355 (Tex. 1980) (orig. proceeding)) (quoted by Griffin
Indus., Inc. v. Thirteenth Court of Appeals, 934 S.W.2d 349, 351 (Tex. 1996) (orig. proceeding))).