IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00211-CV

 

Iketha Saunders, Individually and as 

next friend of Rob Saunders, Robert 

Saunders, III, and Robnashea Saunders,

                                                                                Appellant

 v.

 

Lakisha Lee and Shawna D. Dodd,

                                                                                Appellees

 

 

 



From the County Court at Law No.
1

Jefferson County, Texas

Trial Court No. 98023

 



Opinion



 








Iketha Saunders filed a personal injury suit
against Appellees on behalf of herself and her minor children.  The court
granted Appellees’ no-evidence summary judgment motion and denied Saunders’s
motion to reopen, which she filed about one month later.  Saunders contends in
three issues that the court abused its discretion by: (1) denying her motion to
reopen; (2) denying a continuance motion she filed on the day of the summary
judgment hearing; and (3) granting the summary judgment motion and denying the
continuance motion and the motion to reopen because these rulings
“substantially hinder[ed her] rights and reward[ed] misrepresentation by
Appellee[s].”  We will reverse and remand.

Appellees filed their no-evidence summary
judgment motion the day after the trial court granted a motion to withdraw
filed by Saunders’s first attorney.  Appellees served notice that the summary
judgment hearing would be held thirty-four days’ later.  According to an
affidavit filed by Saunders, she tried to find another attorney “immediately”
after her first attorney withdrew, but several attorneys declined to take her
case.  She first had contact with her present attorney three weeks after the
summary judgment motion was filed.

Saunders’s new attorney obtained her file from
her former attorney six days before the summary judgment hearing.  Her new
attorney filed a continuance motion supported by Saunders’s affidavit on the
morning of the hearing.  The court denied Saunders’s continuance motion and
granted Appellees’ summary judgment motion.

Saunders filed a motion to reopen about one
month later.  At the same time, she filed a response to Appellees’ summary
judgment motion.  After a hearing, the court denied the motion to reopen.

Appellate Jurisdiction

          Saunders filed her notice of appeal
sixty-six days after the court signed the summary judgment.  The only
postjudgment motion she filed was the “motion to reopen,” which is not listed
among the types of postjudgment pleadings which will extend the deadline for
the filing of a notice of appeal.  See Tex.
R. App. P. 26.1(a).[1]  

          Nevertheless, any “timely filed postjudgment
motion that seeks a substantive change in an existing judgment qualifies as a
motion to modify under Rule [of Civil Procedure] 329b(g)” and extends the
appellate timetable.[2]  Lane
Bank Equip. Co. v. Smith S. Equip., Inc., 10 S.W.3d 308, 314 (Tex. 2000); accord Ashley v. Harris County Risk Mgt., 104 S.W.3d 905, 905 n.2 (Tex.
App.—Corpus Christi 2003, no pet.); In re T.G., 68 S.W.3d 171, 176 (Tex.
App.—Houston [1st Dist.] 2002, pet. denied).

          Saunders asked the trial court in her
motion to reopen to allow her to file a late response to Appellees’ no-evidence
summary judgment motion so she could produce evidence on each element of her
claims challenged by Appellees’ motion.[3] 
We hold that Saunders’s motion to reopen sought a substantive change in the
summary judgment.  Thus, it operated to extend the deadline for the filing of
her notice of appeal.  Id.  Accordingly, her notice of appeal was
timely.

Motion to Reopen

Saunders contends in her first issue that the
court abused its discretion by denying her motion to reopen the evidence.

Appellees alleged in their no-evidence summary
judgment motion that Saunders had failed to respond to their discovery and thus
could produce no evidence to support any of her claims.  Because Saunders’s
attorney had withdrawn, Appellees served the summary judgment motion on
Saunders herself.  

In the motion to reopen, Saunders produced
evidence that she had in fact responded to the discovery in a timely manner. 
At the same time, Saunders filed a response to the summary judgment motion
accompanied by evidence to support each element of her claims.

The motion to reopen was premised on Rule of
Civil Procedure 270[4]
which provides, “When it clearly appears to be necessary to the due
administration of justice, the court may permit additional evidence to be
offered at any time; provided that in a jury case no evidence on a controversial
matter shall be received after the verdict of the jury.”

In determining whether to permit additional
evidence under Rule 270, a court should consider: (1) the movant’s diligence in
obtaining the additional evidence; (2) the decisiveness of this evidence; (3)
whether the reception of the evidence could cause any undue delay; and (4)
whether the granting of the motion could cause any injustice.  Naguib v.
Naguib, 137 S.W.3d 367, 373 (Tex. App.—Dallas 2004, pet. denied); Lopez
v. Lopez, 55 S.W.3d 194, 201 (Tex. App.—Corpus Christi 2001, no pet.). 
“The trial court should exercise its discretion liberally ‘in the interest of
permitting both sides to fully develop the case in the interest of justice.’”  Lopez,
55 S.W.3d at 201 (quoting Word of Faith World Outreach Ctr. Church, Inc. v.
Oechsner, 669 S.W.2d 364, 367 (Tex. App.—Dallas 1984, no writ)); In re
T.V., 27 S.W.3d 622, 624 (Tex. App.—Waco 2000, no pet.).

          Ordinarily it lies within the trial
court’s discretion to grant or refuse permission to a party to reopen a case
for the reception of additional testimony.  But there are occasions when it
is the duty of the court to grant such a request, especially when the
proffered testimony is decisive, its reception will not cause any undue delay,
or do an injustice.

 

Word of Faith, 669 S.W.2d at 367
(emphasis added) (quoting Hill v. Melton, 311 S.W.2d 496, 500 (Tex. Civ. App.—Dallas 1958, writ dism’d
w.o.j.)); accord Naguib, 137 S.W.3d at 373; In re Est. of Johnson,
886 S.W.2d 869, 873 (Tex. App.—Beaumont 1994, no writ).

          Saunders presented uncontroverted
evidence that she had difficulty finding a new attorney when her first one
withdrew.  Her new attorney was unable to obtain her file until six days before
the summary judgment hearing.  From the record, we thus conclude that there is
nothing to show that Saunders failed to diligently pursue the evidence in
question.  Rather, the delay in responding to the summary judgment motion,
which Appellees served on Saunders herself, was due to the difficulties she had
in hiring another attorney.

          The evidence in question is plainly
decisive in the context of Appellees’ no-evidence summary judgment motion.

          Finally, we hold that granting the
motion to reopen would not have caused undue delay or any injustice. 
Saunders’s case had been on file for only six months when the court denied the
motion to reopen.  Saunders’s original petition alleged that Level 2 discovery
was appropriate for this case.  Under Rule 190.3 then, the discovery period
should have run until thirty days before trial or for nine months after the
first discovery response was due, whichever date was earlier.  Tex. R. Civ. P. 190.3(b)(1).  There was
no trial setting, so the discovery period presumably should have been permitted
to run for several more months at the time of the summary judgment.

          Under the Rules of Judicial
Administration, the time standard for the disposition of this case was at a
minimum twelve months.[5]  See
Tex. R. Jud. Admin. 6(b)(2).  It
is difficult to understand how it could be concluded that granting Saunders’s
motion to reopen would cause undue delay or work any injustice when only half
of the time standard for disposition under Rule 6(b)(2) had elapsed at the time
the court considered the motion to reopen.

For these reasons, we hold that the court abused
its discretion because it failed to “exercise its discretion liberally ‘in the
interest of permitting both sides to fully develop the case in the interest of
justice.’”  Lopez, 55 S.W.3d at 201 (quoting Word of Faith, 669
S.W.2d at 367); T.V., 27 S.W.3d at 624.  Accordingly, we sustain
Saunders’s first issue.

We need not address the remainder of the issues
presented.  We reverse the judgment and remand this cause to the trial court
for further proceedings consistent with this opinion.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting)

Reversed and remanded

Opinion delivered and
filed October 26, 2005

[CV06]

 









[1]
          Rule 26.1(a) extends the
deadline for filing the notice of appeal in a civil case from 30 to 90 days if
“any party timely files: (1) a motion for new trial; (2) a motion to modify the
judgment; (3) a motion to reinstate under Texas Rule of Civil Procedure 165a;
or (4) a request for findings of fact and conclusions of law . . . .”  Tex. R. App. P. 26.1(a).

 





[2]
          Rule 329b(g) provides in
pertinent part:

 

                        A motion to
modify, correct, or reform a judgment (as distinguished from motion to correct
the record of a judgment under Rule 316), if filed, shall be filed and
determined within the . . . time prescribed by this rule for a motion for new
trial and shall extend the trial court’s plenary power and the time for
perfecting an appeal in the same manner as a motion for new trial.

 

Tex. R.
Civ. P. 329b(g).

   





[3]
          Rule 166a(c) provides for the
late filing of summary judgment evidence with the permission of the court, but
only “before judgment.”  Id. 166a(c).  Thus, relief was not available to
Saunders under Rule 166a(c) because the judgment had already been signed.





[4]         On appeal, Saunders suggests that the motion may be
characterized alternatively as a motion for new trial.  However, because
Saunders expressly relied on Rule 270 and did not characterize the pleading as
a motion for new trial in the trial court, she may not make this characterization
for the first time on appeal.  See Tex.
R. App. P. 33.1(a)(1)(A); Houston R.E. Income Props. XV, Ltd. v.
Waller County Appraisal Dist., 123 S.W.3d 859, 862-63 (Tex. App.—Houston [1st Dist.] 2003, no pet.). 





[5]
              We do not mean to suggest that a case may not be disposed of in
less than 12 months.  However, we do believe that more egregious circumstances
are required before a court may dispose of a case in less than 6 months.