**Sammy D. HILL, Appellant,**

v.

**Travis MELTON et al., Appellees.**

**No. 15406.**

Court of Civil Appeals of Texas.

Dallas.

Feb. 28, 1958.

Rehearing Denied March 28, 1958.

**498**

Robertson, Jackson, Payne, Lancaster & Walker and Fred H. Benners, Dallas, for appellant.

Carter, Gallagher, Jones & Magee, and Ben T. Warder, Jr., Dallas, for appellees.

DIXON, Chief Justice.

Appellant Sammy D. Hill has appealed from a judgment overruling his plea of privilege to be sued in Titus County, Texas.

Appellee Travis Melton, a minor, and several other appellees, all residents of Dallas County, Texas, filed suit in Dallas County against appellant Hill and Strickland Transportation Company, a Texas corporation with its principal office in Dallas County.

The suit was for damages for injuries to persons and property sustained in a collision involving three motor vehicles. Melton, by next friend, alleges that on February 18, 1957, he was driving his father's automobile in an easterly direction on U. S. Highway 67 within the city limits of Mount Pleasant, Titus County, Texas. The other appellees, all relatives of Melton, were passengers in the car. Melton had brought the car to a stop facing a red traffic signal light at the intersection of Highway 67 and Highway 271 in said city. While the automobile driven by Melton was in that position a collision took place within the intersection between a truck owned by Strickland Transportation Company and an automobile owned and operated by appellant Sammy D. Hill. The force of the collision within the intersection knocked the truck over against the standing car occupied by appellees, causing serious injuries to appellees.

In their petition appellees allege that appellant Hill is a resident of Fort Eustis, Virginia. Service against him was obtained by serving citation on the Chairman of the State Highway Department of the State of Texas pursuant to Art. 2039a, Vernon's Ann.Civ.St.

In his plea of privilege appellant Hill asserts in an affidavit by his attorney D. Case that his residence is Titus County, Texas. Appellees controverted the plea of privilege, relying on Art. 1995, secs. 3, 4, and 29a, to maintain venue in Dallas County.

In response to request for admissions under Rule 169, Texas Rules of Civil Procedure, appellant Hill admitted that (1) he is a member of the Armed Services; (2) he was involved in a collision at the time and place in question with a Strickland Transportation Company truck while he was driving a Buick automobile; (3) denied that he is a resident of the State of Virginia; (4) denied that he is a resident of a State other than the State of Texas; and (5) denied the request to admit that he is not a resident of Titus County, Texas.

In his first six points on appeal appellant asserts that there is no evidence, or

not sufficient evidence to bring the case within Art. 1995, sec. 3; and that Art. 1995, sec. 29a is not applicable.

Under sec. 3 of the statute it was necessary for appellees to prove that appellant Hill resided outside the State of Texas, or that his residence was unknown. The only evidence offered in that connection was (1) the testimony of appellee Melton that he heard Hill tell police officers at the scene of the collision that his driver's license was issued to him in Japan; and (2) the fact that Hill filed an answer in the case after service on him under Art. 2039a, V.A.C.S.

■ In our opinion such evidence is insufficient to support a finding that appellant Hill resides outside the State of Texas. It is common knowledge that American military personnel have been stationed temporarily in Japan. Some of our soldiers may have been issued drivers' licenses while there. But that fact is not sufficient as a basis to hold that they are residents of Japan within the meaning of Art. 1995, sec. 3, V.A.C.S. Nor do we believe the fact that appellant filed an answer after service of citation under Art. 2039a, V.A.C.S., is sufficient evidence that he resided outside this State.

■ Art. 1995, sec. 29a, is applicable only in connection with some other sustained exception to Art. 1995. Since appellees failed to produce sufficient evidence to prove the necessary venue facts under sec. 3 of the statute, we must hold that sec. 29a is not applicable under the present state of the facts.

■ However we do not agree with appellant's assertion that since the defendants in this case are sued as joint tortfeasors, appellant could not be considered a necessary party under sec. 29a. Our Supreme Court in a recent case has held that where a plaintiff, if he recovers, will be entitled to a joint judgment against two defendants and the suit is maintainable where brought as to one defendant under another subdivision of Art. 1995, V.A.C.S., the other defendant is a necessary party under subdivision 29a. Ladner v. Reliance Corporation, Tex., 293 S.W.2d 758 (syl. 12).

In his seventh to thirteenth points appellant contends that there is no evidence, or insufficient evidence to show a cause of action against Strickland Transportation Company; consequently Art. 1995, sec. 4, V.A.C.S., does not apply.

■■ Appellee Melton testified in some detail as to the collision. He testified he saw a Strickland Transportation Company truck proceeding west on Highway 67 immediately before the traffic light turned green. Appellant Hill admitted he was involved in a collision with a "Strickland Transportation Company truck." We think the evidence in the record, standing undisputed, is sufficient to support a finding of ownership of the truck and its operation in course of employment. R. G. Duke & Son v. Burk, Tex.Civ.App., 233 S.W.2d 617; J. H. Robinson Truck Lines v. Jones, Tex. Civ.App., 139 S.W.2d 127; Freeman v. Texas Bread Co., Tex.Civ.App., 111 S.W. 2d 307; Austin Bros. v. Sill, Tex.Civ. App., 83 S.W.2d 716. In his plea of privilege affidavit appellant states that his residence is Titus County. Appellees will not be required to furnish evidence of a fact which appellant admits.

■ However the record contains no evidence of any damage suffered by appellees. Therefore appellees failed to make out a case against Strickland Transportation Company, which it was their duty to do under Art. 1995, sec. 4, V.A.C.S.

Immediately after the close of testimony appellees noticed that they had failed to offer any testimony as to damages. They immediately made a motion asking that the case be reopened so they could offer such testimony. Appellant objected. The trial court sustained appellant's objection. Appellees were not permitted to present evi-

dence as to damages. They have presented two cross-assignments of error to the court's action in refusing to reopen the case.

■■ Ordinarily it lies within the trial court's discretion to grant or refuse permission to a party to reopen a case for the reception of additional testimony. But there are occasions when it is the duty of the court to grant such a request, especially when the proffered testimony is decisive, its reception will not cause any undue delay, or do an injustice. State of Texas v. Parkey, Tex.Civ.App., 295 S.W. 2d 457, at page 462; Rule 270, T.R.C.P.; 41–B Tex.Jur. 130. In our opinion this was such an occasion.

Appellant's second, fourth and seventh points are sustained, others are overruled. Appellees' two counter-assignments of error are sustained.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.