**In re the ESTATE OF Donice Edward JOHNSON.**

No. 09–94–084 CV.

Court of Appeals of Texas, Beaumont.

Submitted June 15, 1994.

Decided Nov. 10, 1994.

Edward T. McFarland, Lufkin, for appellant.

Albert Weatherly, Nacogdoches, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

The appellant, Bobby Jean Johnson Booker, individually, and as sole devisee and legatee of the decedent, Donice Edward Johnson, filed an application to probate a holographic will of the decedent and to be appointed as administrator of decedent's estate. The will was annexed to the application. On December 21, 1993, the court, without a jury, denied the appellant's application to probate the holographic will of decedent. The court also denied the appellant's application to be appointed as administrator of the decedent's estate. The court entered findings of fact and conclusions of law. The appellant now appeals from the order denying the application to probate a holographic will and the application for appointment of administrator.

The handwritten will in question was dated April 27, 1991. The decedent, Donice Edward Johnson, died on May 27, 1991, in San Francisco, California. Under the terms of the alleged handwritten will by Mr. Johnson, all of his property was left to his sister, the appellant. The will reads as follows:

In this 27th day of April 1991—I Donice Johnson make specific bequest as follows:

1. It is my will and desire that all of real property within the State of Texas, I may die seized and possessed of—to go to my sister who resides in Texas, City of Lufkin, County of Angelina, and State of Texas. My sisters name is Bobbie (Johnson) Booker, address 1705 Sayers, Lufkin, Texas

2. My real property (including all insurance thereon in effect at the time of my death) Lot located at 1707 Culverhouse Street, Lufkin, Texas being a portion of Lots # 1, # 2, and # 3 of block # 6 of the Martin Wagon addition and recorded in Book # 1 Page # 46 of the deeds records of Angelina County Texas.

3. Lot # 4 Block # 24, Martin Wagon Company Addition the town or city of Lufkin, Texas in Angelina County, recorded in the deeds records of Angelina County Texas Vol. 105 Page 257.

4. Lot # 1 Block # 23 Martin Wagon Co. City of Lufkin, County of Angelina, State of Texas.

I have signed my name for the purpose expressed in the above request, giving my sister the real property in fee simple forever.

/s/ Donice Johnson

On the 24th day of February 1993, the appellee, Danny Johnson, as contestant, filed a pleading in opposition to probate of will. The contestant opposed not only the application of the alleged holographic will of his father, but also opposed the appointment of the appellant as being administrator to his father's estate. It is important to note that the decedent's estate in California had already been probated. The contestant was appointed administrator of the California estate. The contestant states that he is a person interested in the estate of Donice Edward Johnson and that the decedent was his father and that the contestant is the sole heir of the decedent. The appellee, also known as the contestant below, stated that the instrument dated April 27, 1991, is a forgery, that the alleged will was not in the handwriting of his father, but of someone else.

The court made the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Donice Edward Johnson died on May 27, 1991.

2. Donice Edward Johnson died in San Francisco, California.

3. Donice Edward Johnson was 55 years of age at the time of his death.

4. Donice Edward Johnson held in his name real and personal property within the State of Texas at the time of his death, most of which was located in Angelina County, Texas.

5. Danny Johnson is the child of Donice Edward Johnson.

6. The instrument dated April 27, 1991, alleged by Bonnie Jean Johnson Booker to be the last will of Donice Edward Johnson, filed in this Court on September 13, 1991 along with the Application to Probate a Holographic Will and to Appoint Administrator with Will Annexed, is not found by the Court to be in the handwriting of Donice Edward Johnson.

7. The instrument dated April 27, 1991, alleged by Bonnie Jean Johnson Booker to be the last will of Donice Edward Johnson, does not bear the signature of any person purporting to subscribe his or her name as an attesting witness.

## CONCLUSIONS OF LAW

1. Donice Edward Johnson owned real and personal property within the State of Texas at the time of his death, which was principally situated in Angelina County, Texas.

2. Danny Johnson is a person interested in the estate of Donice Edward Johnson.

3. The instrument dated April 27, 1991, alleged by Bonnie Jean Johnson Booker to be the last will of Donice Edward Johnson, filed in this Court on September 13, 1991 with the Application to Probate a Holographic Will and to Appoint Administrator with Will Annexed, was not executed with the formalities and solemnities and under the circumstances required by law to make it a valid will, in that it has not been proven to be wholly in the handwriting of the decedent and is not witnessed.

4. Bonnie Jean Johnson Booker is not entitled to letters of administration with will annexed in this estate.

The appellant alleges four points of error. The issue before this Court is to determine whether the handwritten instrument in question was indeed the last will and testament of Donice Edward Johnson. This is a factual question which must be resolved by the factfinder. In the case at bar the trial court is the trier of fact.

■ As the factfinder, the trial court had the sole duty to judge the credibility of the witnesses and to weigh each witness as to their testimony. The trial court is not bound by the testimony of any one witness, but can accept any, all, part, or none of the witnesses' testimony. *See Farr v. Bell,* 460 S.W.2d 431 (Tex.Civ.App.—Dallas 1970, writ ref'd n.r.e.). The trial court could draw on its own experiences and observations from all or part of the evidence from which to make its findings. *In re Mateer's Estate,* 296 S.W. 907 (Tex.Civ. App.—Texarkana 1927, writ ref'd).

■ Where an instrument in question purports to be the holographic will of the decedent, it is incumbent upon the proponent (appellant) to prove that indeed the decedent wrote the entire will in his own handwriting. *See* TEX.PROB.CODE ANN. § 84(b) (Vernon 1980). The burden of proof lies on the proponent to show that the alleged holographic will was wholly in the handwriting of the decedent. It is incumbent upon the appellant to prove that the decedent, Donice Edward Johnson, wrote the entire will in his handwriting. To meet this burden the proponent, the appellant here, has offered the testimony of herself and that of Anna Mae Davis. Anna Mae Davis was the sister of the decedent, also the sister of the applicant.[1] Neither witness testified to seeing the decedent write the alleged will.

Ms. Davis testified that she was indeed familiar with the handwriting of her brother. She firmly maintains that the holographic will was indeed in the handwriting of the

---

1. It is important to note that the testimony of Ms. Davis was objected to on the fact that the appellant had not given Ms. Davis' name and address or telephone number or identified Ms. Davis as being a witness for the proponent on this application for this holographic will. And the proponent had not complied with the Rules of Civil Procedure when answering Interrogatory No. 2. However, the court overruled the objection and allowed the testimony of Ms. Davis to come in.

decedent, her brother, and that the alleged signature at the bottom of the alleged holographic will was that of her brother, Donice Edward Johnson.

The proponent also testified to the fact that the instrument in question was indeed written entirely in the handwriting of the decedent. In fact, it was testified by the proponent that the first time that she even saw this instrument was when her brother delivered it to her prior to his trip back to California.

The testimonies of Ms. Davis and Ms. Booker were in effect that of opinion evidence. Neither one saw the decedent write the instrument. Their identification of the testator's handwriting was necessarily based upon comparisons between the writing in question and the writings which they have seen previously. As a general rule, the factfinder is not bound by the opinions of the witnesses. And since the testimony of these two were only opinion evidence, this evidence was sufficient to only raise a factual issue as to whether or not the decedent actually wrote the will in his own handwriting. And because of such, the trial court had a right to disbelieve this testimony and to conclude that the evidence was insufficient to prove that the instrument in question was indeed the last will and testament of the decedent.

Both Ms. Davis and the appellant testified that the contestant's exhibit three was not in the handwriting of the decedent. However, contestant's exhibits one and two (which were postcards) were indeed in the handwriting of the decedent. These witnesses (Ms. Davis and Ms. Booker) adamantly affirmed that contestant's exhibits one and two were in the handwriting of the decedent.

■ In addressing the first three points of error we must focus on whether the evidence as presented supports the trial court's findings of fact and conclusions of law. The determination of whether the holographic will was in the handwriting of the decedent is a question of fact upon which the factfinder may be guided by his own examination and by that of the testimony of non-expert witnesses familiar with the alleged testator and his handwriting. *See In re Mateer's Estate, supra.* It is important that the trial court

had to consider all the evidence, not those matters that were merely asserted by the appellant.

■ Some of the facts which the court had to consider are that the decedent died in San Francisco where he had resided, worked and lived for many years; that the appellee was the only child and he also lived in California; also that the appellee's mother was a longtime member of the household although she and the decedent were divorced. Also it must be important to point out that the decedent and Ms. Tommy Johnson, the former wife, had grown up together and had known each other since the seventh grade when each was about thirteen years old. Also that the decedent was actively employed and in good health at the time of his death.

The appellant argues very strongly and strenuously that she has met her burden by providing the sufficient amount of evidence to which is enough to support the holographic will. She cites *Gillispie v. Reinhardt,* 596 S.W.2d 558 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.). Under *Gillispie,* the appellant contends that she has met her burden as being required by the probate court.

She contends that because she provided the testimony of two witnesses that identified the holographic will as being wholly in the handwriting of the decedent and also that this will was delivered to Ms. Booker by the decedent just one month prior to his death and since there was no issue on his mental capacity to make a will and since the only controverted evidence that was admitted into evidence was that provided by and introduced by the contestant, his son, which were all exhibits dated prior to 1988, then the trial court should have found as a matter of law that the holographic will was in decedent's handwriting and allowed the will to be probated. *See Gunn v. Phillips,* 410 S.W.2d 202 (Tex.Civ.App.—Houston 1966, writ ref'd n.r.e.).

Although the appellant's argument seems to be strong in her favor, it is still up to the court to find whether or not that evidence is sufficient. Indeed, the evidence must preponderate in favor of the proponent, Ms. Booker. However, in the case at bar, the

trial court found against the appellant, as reflected in the above stated findings of fact.

Although the appellant testified that the decedent corresponded with her regarding the Angelina County property, there was no evidence or exhibit introduced to show any such correspondence exists. Also, it is very important to note that the appellant seems to contradict herself regarding the question as to who had possession of the alleged holographic will. In appellant's response to interrogatory number 11(c) she answered "unknown". However, in the statement of facts she testified very eloquently that she had received the alleged holographic will one month prior to the death of the decedent.

Several exhibits were presented by the appellee to contest the authenticity of the holographic will that was presented by the appellant for probating. The first two exhibits (the postcards) were in the decedent's handwriting without a doubt. Next, exhibit three was an envelope with appellant's return address. This exhibit was challenged and it was agreed by all parties that this was not in the handwriting of the decedent. This writing was totally, completely different from that of the appellee's exhibits one and two. The exhibit three seems to be consistent with the handwriting of the appellant and not of the decedent.

The following exhibits were in the handwriting of the decedent and were not challenged. They were contestant's exhibit number five, a letter; exhibit six, an address book; exhibit eight, a school album; exhibit nine, envelope; and ten—all these resembled the contestant's exhibits one and two. These exhibits were submitted for the trial court's consideration.

The court considered all these exhibits and the testimony of each witness. The trial court concluded that the alleged holographic will was not in the handwriting of the decedent.[2] We hold that the findings of facts and conclusions of law are supported by the evi-

dence. Therefore, we overrule points of error one, two, and three.

In the appellant's fourth point of error, she alleges that the trial court erred in reopening the case after all evidence had been presented. The appellant contends in this point of error that the trial court violated TEX. R.CIV.P. 270 by requesting that the parties obtain expert handwriting testimony. The appellant recognized that the trial court does have within its discretion the right to allow a case to be reopened after being rested. Rule 270 states that when it appears to be *necessary* to the due administration of justice, the court may permit additional evidence to be offered at any time; provided that in a jury case no evidence of a controversial matter shall be received after the verdict of the jury. This does not apply in the case at bar since there was no jury.

An appellate court shall not disturb the trial court's decision unless it clearly appears that such discretion has been abused. *Guerrero v. Standard Alloy Mfg. Co.*, 598 S.W.2d 656 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.). However, the only restriction is that both sides must be allowed to present and be permitted to fully develop the case if such reopening is allowed in the interests of justice. It was stated in *Hill v. Melton*, 311 S.W.2d 496 (Tex.Civ.App.—Dallas 1958, writ dism'd) that there are many occasions when it is the duty of the court to grant such a request especially when the proffered testimony is decisive and its reception will not cause any undue delay or do an injustice. However, the trial court decided not to reopen the case to allow expert testimony. Whatever harm the appellant alleged, we find none. Therefore, we overrule point of error number four. No bill of exception was perfected; this point is not properly reviewable in this state of the record.

2. We think the court also took into consideration the fact that there is always a natural variation in one's handwriting. An individual seldom writes twice exactly in the same form. This is even true of one's own signature. It is also equally well established that individuals develop certain hab-

its in writing, termed handwriting characteristics which are duplicated time and time again by the writer but which are quite difficult of duplication by another. We think the court took this into consideration and still denied the application for the probate of the holographic will.

### Cross–Point on Exclusion of Ms. Davis' Testimony

In the appellee's cross-point of error, he avers that the trial court erred in not excluding appellant's second witness, Anna Mae Davis. We duly note that the appellee did object to the admittance of Ms. Davis' testimony. The trial court held an ex parte hearing on the objection. The trial court overruled the objection. The trial court can certainly weigh the credibility of each of the witnesses' testimony. The sole purpose for Ms. Davis' testimony was to identify the handwriting in the alleged will. Therefore, we overrule the cross-point of the appellee. We affirm the judgment below.

AFFIRMED.