Bruce L. Errant, Bryan, for appellant.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

**In the Interest of T.V. a Child.**

**No. 10–99–129–CV.**

Court of Appeals of Texas, Waco.

Aug. 30, 2000.

## OPINION

TOM GRAY, Justice.

T.V. is the youngest of six children. Their mother, Sally, was abused as a child. Sally's husband is T.V.'s father. Allegations of sexual abuse extend to three of Sally's live-in male companions, including her husband. He and at least one of Sally's other live-in male companions have been convicted and are serving time in prison for sexual abuse of her children. The abuse occurred in at least two states, New York and Texas. Sally is also in prison on charges related to the sexual abuse of her children. At least one of T.V.'s siblings, who was also a victim of sexual abuse, has now been convicted of sexual abuse of another sibling. The cycle continues.

### PROCEDURAL BACKGROUND

Upon investigation of a referral for possible endangerment of a child, the family situation of T.V. was investigated by Child Protective Services in Robertson County. T.V. was removed from the home on an *ex parte* motion on January 23, 1997. The

Department of Protective and Regulatory Services was appointed temporary managing conservator on February 3, 1997. There were two status hearings in the remainder of 1997. The first hearing in 1998 occurred on February 2. At this status hearing it was again determined that it was not in T.V.'s welfare to return to the home "at this time." Although the form of the order contained a blank for a dismissal date, a dismissal date was not set by this order. The matter was set for trial on March 24, 1998.

The purpose of the trial was to determine if the parental rights of T.V.'s mother and father should be terminated. The trial was held on March 23, 1998. It was heard by a visiting judge. The trial court determined that Sally had committed various violations of the Family Code by clear and convincing evidence. The violations found were as follows:

1. Knowingly placed or knowingly allowed T.V. to remain in conditions or surroundings which endangered the physical or emotional well-being of the child.
2. Engaged in conduct or knowingly placed T.V. with persons who engaged in conduct which endangered the physical or emotional well-being of the child.
3. Has been adjudicated to be criminally responsible for the death of or serious injury to a child.

The trial court also included the following determination and statement in the order:

> However, the Court does not find by clear and convincing evidence that termination of the parent-child relationship between Sally ... and ... [ T.V.], the child who is the subject of this suit, is in the best interest of the child at the present time. THEREFORE, IT IS FURTHER ADJUDGED, ORDERED AND DECREED that the parent-child relationship between Sally ... and the child who is the subject of this suit, ..., will not be terminated at this time. This Court reserves the right to change this ruling without the necessity of the Petitioner filing an amended petition should this Court receive information relative to the issue of the best interest of the child.

Three permanency hearings were held over the next eleven months. The dismissal date was established as June 30, 1999. On February 24, 1999, in a bench trial before the elected judge, the trial court determined that it was in the best interest of T.V. to terminate the parental rights of both parents. Only Sally, T.V.'s biological mother, brings this appeal.

## ISSUE ON APPEAL

In separate issues, Sally complains that the trial court erred in terminating her parental rights because the evidence was insufficient to prove by clear and convincing evidence either that she had committed any of the acts set forth in section 161.001(1) of the Texas Family Code (issue one) or that termination was in the best interest of T.V. (issue two). TEX. FAM. CODE ANN. § 161.001(1) and (2) (Vernon Supp.2000). However, both issues are premised on a single alleged error. Sally objected to the admission into evidence and consideration by the fact-finder, here the trial court, of any evidence that predated the first trial for termination. Essentially, Sally argues that the trial court can consider only evidence of events that occurred after the March 23, 1998 trial because the trial court had refused to terminate her parental rights at that time based on the evidence presented.

## APPLICABLE LAW

Sally's argument is premised on the belief that the order following the trial on March 23, 1998, and the trial court's refusal to terminate her parental rights, is a final judgment. She then concludes that it prevents consideration by the trial court at the second trial on February 24, 1999 of any evidence of events that occurred prior to the earlier trial date. She contends the evidence must show a change of circumstances after the earlier trial. Sally does

not contest that if the evidence from the first trial can be considered, then the evidence is sufficient to support the trial court's judgment. The fundamental question before us is whether the first trial was concluded and whether the trial court had rendered a final judgment.

■ It is clear from the trial court's ruling after the March 23, 1998 trial that it was not a final judgment. The trial court specifically stated that he did not find the termination of Sally's parental rights to be in the best interest of T.V. "at this time." Further, he explicitly left open the possibility of hearing additional evidence before making a final ruling by stating: "This Court reserves the right to change this ruling without the necessity of the Petitioner filing an amended petition should this Court receive information relative to the issue of the best interest of the child."

■ The decision to reopen a matter to receive additional evidence is within the discretion of the trial court. *Zodiac Corp. v. General Electric Credit Corp.*, 566 S.W.2d 341, 346 (Tex.Civ.App.—Tyler 1978, no writ). "Such discretion should be liberally exercised in the interest of permitting both sides to fully develop the case in the interest of justice." *Id.* (and cases therein cited). It has even been held that additional evidence could be received after

an appeal bond had been filed. *Id., Sibley v. Sibley*, 286 S.W.2d 657, 660 (Tex.Civ. App.—Dallas 1955, writ dism'd).

## APPLICATION

No party to the March 23, 1998 trial and order complained about the trial court's failure to enter a final determination. It is clear that no final judgment was intended or rendered based upon the March 23, 1998 trial. Only after the February 24, 1999 trial did the trial court sign a final judgment. The final judgment terminated the parental rights of Sally. It was within the trial court's discretion to hear additional testimony regarding the best interest of T.V.[1] We hold that the trial court did not err when it considered all the evidence in the record, including the evidence from the March 23, 1998 trial and the February 24, 1999 trial in determining whether to terminate Sally's parental rights. The judgment terminating Sally's parental rights is affirmed.

Justice VANCE concurring.

BILL VANCE, Justice, concurring.

Because the majority ignores section 161.004 of the Family Code, on which the court explicitly based its decision, I disagree with their analysis. *See* TEX. FAM.

---

1. The trial court's order indicates that it is relying on section 161.004 of the Family Code which states:

    § 161.004. Termination of Parental Rights After Denial of Prior Petition to Terminate

    (a) The court may terminate the parent-child relationship after rendition of an order that previously denied termination of the parent-child relationship if:

    (1) the petition under this section is filed after the date the order denying termination was rendered;

    (2) the circumstances of the child, parent, sole managing conservator, possessory conservator, or other party affected by the order denying termination have materially and substantially changed since the date that the order was rendered;

    (3) the parent committed an act listed under Section 161.001 before the date the

order denying termination was rendered; and

    (4) termination is in the best interest of the child.

    (b) At a hearing under this section, the court may consider evidence presented at a previous hearing in a suit for termination of the parent-child relationship of the parent with respect to the same child.

TEX FAMILY CODE ANN. 161.004 (Vernon 1996). This provision was passed in response to the concern created by the holding in *Slatton v. Brazoria County Protective Services Unit*, 804 S.W.2d 550 (Tex.App.—Texarkana 1991, no writ). *Slatton* applied the doctrine of res judicata and collateral estoppel to an order denying termination of parental rights. While 161.004 is instructive, we do not consider it controlling because there was no final appealable order denying termination from which an appeal could be taken.

CODE ANN. § 161.004 (Vernon 1996). However, I concur in the result.

The order of termination provides:

Termination After Prior Termination Denied

8.1 The Court finds that some of the evidence considered in this trial related to events occurring before a prior order denying termination, and that such evidence was admissible pursuant to Sec. 161.004, Tex. Fam.Code.

8.2 The Court finds by clear and convincing evidence that the petition for termination in this case was filed after the date that an order denying termination of the parent-child relationship of [S.V. and T.V.] was rendered, that the circumstances of the child, parent, sole managing conservator, possessory conservator, or other party affected by the prior order have materially and substantially changed since the prior order was rendered, and that, before the prior order was rendered, said parent committed an act listed under Section 161.001, Texas Family Code.

8.3 The Court finds by clear and convincing evidence that the petition for termination in this case was filed after the date that an order denying termination of the parent-child relationship of [A.V. and T.V.] was rendered, that the circumstances of the child, parent, sole managing conservator, possessory conservator, or other party affected by the prior order have materially and substantially changed since the prior order was rendered, and that, before the prior order was rendered, said parent committed an act listed under Section 161.001, Texas Family Code.

The majority believes that section 161.004 applies only to final, appealable judgments.[1] I disagree. I believe that this is exactly the type of case that 161.004 was designed for, and Sally's argument-that evidence of events prior to the earlier order denying termination cannot be considered-is exactly the argument that the section was designed to eliminate.

Sally does not attack the applicability of section 161.004. Because it applies and because it supports the order without resorting to a determination about the court's discretion to "reopen a matter to receive additional evidence," I find the evidence sufficient to sustain the court's judgment of termination.

---

1. I agree that the March 23, 1998 order was not a final order. Thus, the question of whether section 161.004 applies to final orders is not before us.