Francis M. ASHLEY, Appellant,

v.

HARRIS COUNTY RISK
MANAGEMENT,
Appellee.

No. 13–00–614–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

April 24, 2003.

Francis M. Ashley, pro se.

Michael R. Hull, Houston, for appellee.

Before Chief Justice VALDEZ and
Justices RODRIGUEZ and KENNEDY.[1]

## OPINION

Opinion by Justice KENNEDY
(Retired).

This appeal arose from a lawsuit filed by appellant, Ashley, against appellee for damages for alleged wrongful termination of employment. Appellee was granted a summary judgment on February 28, 2000. *See* Tex.R. Civ. P. 166a, 301.

■ Appellant filed a "Motion to Vacate Judgment" on March 20, 2000. Appellant subsequently filed a "Motion to Set Aside Summary Judgment" on April 17, 2000. The trial court did not rule on appellant's motion to vacate, therefore, it was overruled by operation of law on May 15, 2000.[2]

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Appellant's post-judgment motions were not denominated as motions for new trial; nevertheless, any timely filed post-judgment motion that seeks a substantive change in an existing judgment qualifies as a motion to modify under rule 329b(g), thus extending the trial court's plenary jurisdiction and the appellate timetable. *Lane Bank Equip. v. Smith Southern Equip.*, 10 S.W.3d 308, 314 (Tex.2000).

*See* TEX.R. CIV. P. 329b(c).

The trial court granted appellant's motion to set aside summary judgment on June 1, 2000, but on July 7, 2000, the trial court granted appellee's motion to reinstate the summary judgment. This appeal ensued.

█ We conclude that the trial court acted without authority in granting appellant's motion to set aside summary judgment. Amended motions for new trial must be filed within thirty days after the judgment or other order complained of is signed. *See* TEX.R. CIV.P. 329b(b). Appellant's motion to set aside the summary judgment, which was filed in excess of thirty days after the judgment, was untimely, and could not be considered by the trial court. *Ferguson v. Globe-Tex. Co.,* 35 S.W.3d 688, 690 (Tex.App.-Amarillo 2000, pet. denied); *see Reviea v. Marine Drilling Co.,* 800 S.W.2d 252, 258 (Tex. App.-Corpus Christi 1990, writ denied) ("It is well established that an amended motion for new trial must be filed within thirty days after the judgment is signed, or the motion is a nullity and may not be considered."). Therefore, both appellant's motion to set aside summary judgment and the order granting that motion were nullities. *See Reviea,* 800 S.W.2d at 258; *Voth v. Felderhoff,* 768 S.W.2d 403, 412 (Tex. App.-Fort Worth 1989, writ denied); *Equinox Enter., Inc. v. Assoc. Media, Inc.,* 730 S.W.2d 872, 875 (Tex.App.-Dallas 1987, no writ).

█ Appellant's notice of appeal was due ninety days after the judgment was signed. *See* TEX.R.APP. P. 26.1(a). Her notice of appeal was thus due on May 29, 2000, although the notice was not actually filed until August 24, 2000. Appellant did not file her notice of appeal within the required time, or within the additional fifteen-day grace period provided by the appellate rules. *See* TEX.R.APP. P. 26.3. Appellant's untimely notice of appeal did not

invoke the jurisdiction of this Court. TEX. R.APP. P. 25.1(b); *see Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex.1997). Accordingly, we dismiss appellant's appeal for lack of jurisdiction. TEX.R.APP. P. 42.3(a).