Iketha SAUNDERS, Individually and as next friend of Rob Saunders, Robert Saunders, III, and Robnashea Saunders, Appellant,

v.

Lakisha LEE and Shawna D. Dodd, Appellees.

No. 10–04–00211–CV.

Court of Appeals of Texas, Waco.

Oct. 26, 2005.

Todd LeBlanc, Beaumont, for appellant.

Jason A. Powers, Houston, for appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

Iketha Saunders filed a personal injury suit against Appellees on behalf of herself and her minor children. The court granted Appellees' no-evidence summary judgment motion and denied Saunders's motion to reopen, which she filed about one month later. Saunders contends in three issues that the court abused its discretion by: (1) denying her motion to reopen; (2) denying a continuance motion she filed on the day of the summary judgment hearing; and (3) granting the summary judgment motion and denying the continuance motion and the motion to reopen because these rulings "substantially hinder[ed her] rights and reward[ed] misrepresentation by Appellee[s]." We will reverse and remand.

Appellees filed their no-evidence summary judgment motion the day after the trial court granted a motion to withdraw filed by Saunders's first attorney. Appellees served notice that the summary judgment hearing would be held thirty-four days' later. According to an affidavit filed by Saunders, she tried to find another attorney "immediately" after her first attorney withdrew, but several attorneys declined to take her case. She first had contact with her present attorney three

weeks after the summary judgment motion was filed.

Saunders's new attorney obtained her file from her former attorney six days before the summary judgment hearing. Her new attorney filed a continuance motion supported by Saunders's affidavit on the morning of the hearing. The court denied Saunders's continuance motion and granted Appellees' summary judgment motion.

Saunders filed a motion to reopen about one month later. At the same time, she filed a response to Appellees' summary judgment motion. After a hearing, the court denied the motion to reopen.

### Appellate Jurisdiction

■ Saunders filed her notice of appeal sixty-six days after the court signed the summary judgment. The only post-judgment motion she filed was the "motion to reopen," which is not listed among the types of postjudgment pleadings which will extend the deadline for the filing of a notice of appeal. *See* TEX.R.APP. P. 26.1(a).[1]

■ Nevertheless, any "timely filed postjudgment motion that seeks a substantive change in an existing judgment qualifies as a motion to modify under Rule [of Civil Procedure] 329b(g)" and extends the appellate timetable.[2] *Lane Bank Equip.*

*Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 314 (Tex.2000); *accord Ashley v. Harris County Risk Mgt.*, 104 S.W.3d 905, 905 n. 2 (Tex.App.-Corpus Christi 2003, no pet.); *In re T.G.*, 68 S.W.3d 171, 176 (Tex. App.-Houston [1st Dist.] 2002, pet. denied).

Saunders asked the trial court in her motion to reopen to allow her to file a late response to Appellees' no-evidence summary judgment motion so she could produce evidence on each element of her claims challenged by Appellees' motion.[3] We hold that Saunders's motion to reopen sought a substantive change in the summary judgment. Thus, it operated to extend the deadline for the filing of her notice of appeal. *Id.* Accordingly, her notice of appeal was timely.

### Motion to Reopen

■ Saunders contends in her first issue that the court abused its discretion by denying her motion to reopen the evidence.

Appellees alleged in their no-evidence summary judgment motion that Saunders had failed to respond to their discovery and thus could produce no evidence to support any of her claims. Because Saunders's attorney had withdrawn, Appellees served the summary judgment motion on Saunders herself.

In the motion to reopen, Saunders produced evidence that she had in fact re-

---

1. Rule 26.1(a) extends the deadline for filing the notice of appeal in a civil case from 30 to 90 days if "any party timely files: (1) a motion for new trial; (2) a motion to modify the judgment; (3) a motion to reinstate under Texas Rule of Civil Procedure 165a; or (4) a request for findings of fact and conclusions of law. . . ." TEX.R.APP. P. 26.1(a).

2. Rule 329b(g) provides in pertinent part:
 A motion to modify, correct, or reform a judgment (as distinguished from motion to correct the record of a judgment under Rule 316), if filed, shall be filed and determined

within the . . . time prescribed by this rule for a motion for new trial and shall extend the trial court's plenary power and the time for perfecting an appeal in the same manner as a motion for new trial.
TEX.R. CIV. P. 329b(g).

3. Rule 166a(c) provides for the late filing of summary judgment evidence with the permission of the court, but only "before judgment." *Id.* 166a(c). Thus, relief was not available to Saunders under Rule 166a(c) because the judgment had already been signed.

sponded to the discovery in a timely manner. At the same time, Saunders filed a response to the summary judgment motion accompanied by evidence to support each element of her claims.

The motion to reopen was premised on Rule of Civil Procedure 270[4] which provides, "When it clearly appears to be necessary to the due administration of justice, the court may permit additional evidence to be offered at any time; provided that in a jury case no evidence on a controversial matter shall be received after the verdict of the jury."

 In determining whether to permit additional evidence under Rule 270, a court should consider: (1) the movant's diligence in obtaining the additional evidence; (2) the decisiveness of this evidence; (3) whether the reception of the evidence could cause any undue delay; and (4) whether the granting of the motion could cause any injustice. *Naguib v. Naguib*, 137 S.W.3d 367, 373 (Tex.App.-Dallas 2004, pet. denied); *Lopez v. Lopez*, 55 S.W.3d 194, 201 (Tex.App.-Corpus Christi 2001, no pet.). "The trial court should exercise its discretion liberally 'in the interest of permitting both sides to fully develop the case in the interest of justice.'" *Lopez*, 55 S.W.3d at 201 (quoting *Word of Faith World Outreach Ctr. Church, Inc. v. Oechsner*, 669 S.W.2d 364, 367 (Tex.App.-Dallas 1984, no writ)); *In re T.V.*, 27 S.W.3d 622, 624 (Tex.App.-Waco 2000, no pet.).

Ordinarily it lies within the trial court's discretion to grant or refuse permission to a party to reopen a case for the reception of additional testimony. *But*

*there are occasions when it is the duty of the court to grant such a request,* especially when the proffered testimony is decisive, its reception will not cause any undue delay, or do an injustice.

*Word of Faith*, 669 S.W.2d at 367 (emphasis added) (quoting *Hill v. Melton*, 311 S.W.2d 496, 500 (Tex.Civ.App.-Dallas 1958, writ dism'd w.o.j.)); *accord Naguib*, 137 S.W.3d at 373; *In re Est. of Johnson*, 886 S.W.2d 869, 873 (Tex.App.-Beaumont 1994, no writ).

Saunders presented uncontroverted evidence that she had difficulty finding a new attorney when her first one withdrew. Her new attorney was unable to obtain her file until six days before the summary judgment hearing. From the record, we thus conclude that there is nothing to show that Saunders failed to diligently pursue the evidence in question. Rather, the delay in responding to the summary judgment motion, which Appellees served on Saunders herself, was due to the difficulties she had in hiring another attorney.

The evidence in question is plainly decisive in the context of Appellees' no-evidence summary judgment motion.

Finally, we hold that granting the motion to reopen would not have caused undue delay or any injustice. Saunders's case had been on file for only six months when the court denied the motion to reopen. Saunders's original petition alleged that Level 2 discovery was appropriate for this case. Under Rule 190.3 then, the discovery period should have run until thirty days before trial or for nine months after the first discovery response was due, whichever date was earlier. TEX.R. CIV. P.

---

4. On appeal, Saunders suggests that the motion may be characterized alternatively as a motion for new trial. However, because Saunders expressly relied on Rule 270 and did not characterize the pleading as a motion for new trial in the trial court, she may not make this characterization for the first time on appeal. *See* TEX.R.APP. P. 33.1(a)(1)(A); *Houston R.E. Income Props. XV, Ltd. v. Waller County Appraisal Dist.*, 123 S.W.3d 859, 862–63 (Tex.App.-Houston [1st Dist.] 2003, no pet.).

190.3(b)(1). There was no trial setting, so the discovery period presumably should have been permitted to run for several more months at the time of the summary judgment.

Under the Rules of Judicial Administration, the time standard for the disposition of this case was at a minimum twelve months.[5] *See* TEX.R. JUD. ADMIN. 6(b)(2). It is difficult to understand how it could be concluded that granting Saunders's motion to reopen would cause undue delay or work any injustice when only half of the time standard for disposition under Rule 6(b)(2) had elapsed at the time the court considered the motion to reopen.

For these reasons, we hold that the court abused its discretion because it failed to "exercise its discretion liberally 'in the interest of permitting both sides to fully develop the case in the interest of justice.'" *Lopez,* 55 S.W.3d at 201 (quoting *Word of Faith,* 669 S.W.2d at 367); *T.V.,* 27 S.W.3d at 624. Accordingly, we sustain Saunders's first issue.

We need not address the remainder of the issues presented. We reverse the judgment and remand this cause to the trial court for further proceedings consistent with this opinion.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

### No Jurisdiction

The final judgment in this case was signed on April 5, 2004. (CR–35.) There was no motion filed that would extend the time in which to file a notice of appeal. *See* TEX.R.APP. P. 26.1. Thus, the notice of appeal had to be filed within 30 days of the date of the judgment, *id.,* or a motion for extension of time had to be filed within 45 days, whether it was an express motion for extension or implied. *See Verburgt v. Dorner,* 959 S.W.2d 615 (Tex.1997). The notice of appeal was not filed until June 10, 2004, 66 days after the final judgment was signed. The notice of appeal is untimely. We have no jurisdiction. The appeal should be dismissed.

### Square Peg—Round Hole

After the trial court granted a no-evidence motion for summary judgment, the non-movant moved to reopen the evidence under Rule 270. TEX.R. CIV. P. 270. Rule 270 has no application to a summary judgment proceeding. "Rule 166a(c) of the Texas Rules of Civil Procedure authorizes the late filing of summary judgment evidence, if the party requests and obtains leave of the court and if such evidence is before the court before the summary judgment is rendered. TEX.R. CIV. P. 166a(c); *Benchmark Bank v. Crowder,* 919 S.W.2d 657, 663 (Tex.1996)." *Withrow v. State Farm Lloyds,* 990 S.W.2d 432, 434 (Tex. App.-Texarkana 1999, pet. denied); *see also J.E.M. v. Fidelity & Cas. Co. of New York,* 928 S.W.2d 668, 672 (Tex.App.-Houston [1st Dist.] 1996, no pet.). As noted, the rule which allows a party to have a trial court consider late-filed evidence in response to a motion for summary judgment is Rule 166a(c). TEX.R. CIV. P. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."). I cannot join the violence in which the majority engages by forcing a square peg into a round hole.

### Conclusion

Because the majority reverses and remands an appeal when it should be dis-

---

5. We do not mean to suggest that a case may not be disposed of in less than 12 months. However, we do believe that more egregious circumstances are required before a court may dispose of a case in less than 6 months.

missed because we have no jurisdiction, or affirmed because the appellant has presented no error on which relief can be granted, I dissent.