

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-12-00013-CV
_____

IN THE INTEREST OF O.M.H., A CHILD

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 2010-484

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

In a suit brought by the Department of Family and Protective Services (Department), Father's[1] parental rights to O.M.H. were terminated after a jury found that he knowingly placed or knowingly allowed O.M.H. to remain in conditions or surroundings which endangered her physical or emotional well being and/or engaged in conduct or knowingly placed O.M.H. with persons who engaged in conduct which endangered her physical or emotional well being. Father appeals the trial court's termination of his parental rights on the grounds that the trial court erroneously admitted "testimony concerning specific matters adjudicated" in a previous termination case over his objection, invoking the doctrine of res judicata. He also contends that the evidence was factually insufficient to support the termination. Because Father failed to preserve both points of error, we affirm the trial court's judgment.

## I.     Father Failed to Preserve Complaint About Admission of Testimony

In opening statements, the jury was told that "[t]his is the second CPS case that [O.M.H.] has had to go through in her young life. The first one, the evidence will show you, was back in 2007 and 2008." It is apparent from the record that Father's parental rights were not terminated as a result of the first case. In 2010, the Department again sought termination of Father's parental rights. During Father's cross-examination in this case, the following transpired:

> Q      And in 2007 you had another CPS case that involved [O.M.H.]. Is that true?
>
> A      Yes.

---

[1]To protect the identity of the child, we will refer to O.M.H.'s biological father as Father.

2

Q   And do you recall going through some of the -- what we call services?

A   Yes.

Q   Do you recall going through some parenting classes?

A   Yes.

Q   Do you recall not doing very well on those parenting classes and them asking you to do it again?

A   No.  I don't -- I did everything they told me to do.  I went out there, and I did all the parenting classes.  You can check the record.  I raised all my kids.  All my kids grown.  They never had a speeding ticket, and they never had trouble with the law.

 . . . .

Q [State's Attorney]   Sir, during that 2007[2] case you were also ordered to do family counseling with [O.M.H.].  Do you recall that?

A   Yes.

Q   And --

[Defense Attorney]:   Your Honor, can we approach, please.

THE COURT:   Yes.
(At the bench)

[Defense Attorney]:   I'm going to object, res judicata, that she should only go into things from 2007 forward.

---

[2]The record in this case did not contain a copy of the petition or any order from the 2007 case.  These documents were included for the first time as attachments to Father's appellate brief.  "An appellate court cannot consider documents cited in a brief and attached as appendices if they are not formally included in the record on appeal." *Gonzales v. Villarreal*, 251 S.W.3d 763, 777 n.17 (Tex. App.—Corpus Christi 2008, pet. dism'd w.o.j.) (citing *Burke v. Ins. Auto Auctions*, 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, pet. denied)).  Further, the record does not demonstrate whether the trial judge in this case, a different judge than that in the 2007 case, was asked to take judicial notice of the 2007 files.

[State's Attorney]:     And, Your Honor, I disagree.  She was born, and it goes to best interest.  And two, Mr. Winn has already raised the issue of offering services, services in the first case.

THE COURT:     All right. And I'm going to allow the testimony.  If it's appropriate, I'll instruct the jury in the charge, that they are not to consider this as grounds.

Father complains that res judicata was involved in this case.  A cause of action finally determined between the parties on the merits of the case cannot be relitigated before the same or any other tribunal pursuant to the doctrine of res judicata.  *Slayton v. Brazoria Cnty. Protective Servs. Unit*, 804 S.W.2d 550, 552–53 (Tex. App.—Texarkana 1991, no pet.).  The aim of the doctrine is to prevent continuous relitigation of the same subject matter, and it applies to issues previously tried in a termination case.  *Id.* at 553.  "When available, *res judicata* must be raised as an affirmative defense."  *Id.*  Father admits that res judicata was not pled as an affirmative defense.[3]  We interpret his points of error related to the doctrine as complaints to the admission of evidence.

---

[3]Father cites *Slayton* for the proposition that "[t]he prior denial of termination . . . was a bar to the admission of [his] conduct which occurred prior to" the disposition of the 2007 case.  *Slayton*, 804 S.W.2d at 552–53.

In direct response to *Slayton*, the Legislature enacted Section 161.004 of the Texas Family Code, which states:

(a)     The court may terminate the parent-child relationship after rendition of an order that previously denied termination of the parent-child relationship if:
(1)     the petition under this section is filed after the date the order denying termination was rendered;
(2)     the circumstances of the child, parent, sole managing conservator, possessory conservator, or other party affected by the order denying termination have materially and substantially changed since the date that the order was rendered;
(3)     the parent committed an act listed under Section 161.001 before the date the order denying termination was rendered; and
(4)     termination is in the best interest of the child.

4

To preserve error regarding the admission of evidence for our review, Father was required to object in a timely fashion. TEX. R. APP. P. 33.1. Here, the objection was made after the testimony was elicited. The testimony immediately following the trial court's ruling dealt with parenting classes and counseling, which was already admitted. Further, a defendant is required to object each time allegedly inadmissible evidence is offered. *Clay v. State*, 361 S.W.3d 762, 766 (Tex. App.—Fort Worth 2012, no pet.) (citing *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991)); *Long v. State*, 10 S.W.3d 389, 399 (Tex. App.—Texarkana 2000, pet. ref'd). Father failed to obtain a running objection to the evidence. The alleged error is not preserved.

Further, if the error had been properly preserved, the appellant must specify the alleged inadmissible evidence. Since Father does not delineate any specific testimony that was erroneously admitted as a result of the trial court's ruling, but only alleges the improper admission of "subsequent testimony [that] encompassed facts and issues litigated in the 2007 case," we are not apprised of the alleged improperly admitted evidence. TEX. R. APP. P. 38.1(i).

We overrule this point of error.

---

(b)    At a hearing under this section, the court may consider evidence presented at a previous
       hearing in a suit for termination of the parent-child relationship of the parent with respect to the
       same child.

TEX. FAM. CODE ANN. § 161.004 (West 2008); *In re J.H.*, No. 02-04-00031-CV, 2004 WL 2630225, at *12 (Tex. App.—Fort Worth Nov. 18, 2004, pet. denied) (mem. op.); *see In re T.V.*, 27 S.W.3d 622, 624 n.1 (Tex. App.—Waco 2000, no pet.) ("This provision [Section 161.004] was passed in response to the concern created by the holding in *Slaton*."). Because the 2007 case and any order from that case were not entered into the record of this case, we would be unable to adequately address this complaint to see whether the Department had complied with Section 161.004, even if the issue was preserved. *See J.H.*, 2004 WL 2630225, at *13.

## II.     Sufficiency Issues Were Not Preserved

Father also complains that the evidence was factually insufficient to support termination of his parental rights and prays that we remand for another trial. The Texas Rules of Civil Procedure specify that the filing of a motion for new trial is a prerequisite to present "[a] complaint of factual sufficiency of the evidence to support a jury finding." TEX. R. CIV. P. 324(b)(2); *Cecil v. Smith*, 804 S.W.2d 509, 512 (Tex. 1991). No motion for new trial was filed making such complaint. Factual sufficiency[4] is not preserved for appeal. *In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003). Because no complaint as to sufficiency of the evidence was raised below, we overrule this point of error.[5]

---

[4]While counsel fails to specify whether Father's complaint is related to legal or factual sufficiency in the argument portion of the brief, the brief states that "evidence presented in support of termination was factually insufficient" in the "summary of the argument" section. The prayer asks that the case be "reversed and remanded for trial." Consequently, the brief has only raised a factual sufficiency point. Moreover, a no-evidence point is preserved through one of the following: (1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict; (3) an objection to the submission of the question to the jury; (4) a motion to disregard the jury's answer to a vital fact question; or (5) a motion for new trial. *T. O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 220 (Tex. 1992); *Aero Energy, Inc. v. Circle Drilling Co.*, 699 S.W.2d 821, 822 (Tex. 1985). In the event that the brief can be interpreted to raise a legal sufficiency point as well, we would still find that error was not preserved since the issue was not raised with the trial court as required.

[5]There is no claim that failure to preserve error was unjustifiable or the result of ineffective assistance of counsel. *See In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005).

6

**III.     Conclusion**

Having examined all issues that were properly presented to this court for review, we find

no error.  We affirm the judgment of the trial court.


                                                    Jack Carter
                                                    Justice


Date Submitted:        July 3, 2012
Date Decided:          July 10, 2012