

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-15-00008-CV

TIFFANY THWEATT, APPELLANT

V.

CRAIG DUDLEY AND RACHELLE DUDLEY, APPELLEES

On Appeal from the County Court at Law No. 1
Brazos County, Texas
Trial Court No. 4957-B, Honorable Amanda Matzke, Presiding

September 22, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

This is an appeal from a judgment in a landlord/tenant dispute involving the return of a security deposit. Craig and Rachelle Dudley (the Dudleys) rented residential property from Tiffany Thweatt (Thweatt). After moving out, Thweatt refused to return the Dudleys' $1,000 security deposit and also failed to provide an itemized statement of deductions from that deposit. The Dudleys sued in small claims court and won. Thweatt appealed to the County Court at Law (CCL). The latter too entered judgment favoring the Dudleys. Thweatt again appealed. Before us, she contends that 1) the trial

court lacked jurisdiction over the case, 2) the trial court erred in granting the Dudleys' motion to re-open the evidence, 3) Thweatt had no obligation to return the security deposit, and 4) she did not act in bad faith. We affirm.

*Jurisdiction*

We first address whether the CCL had jurisdiction over the case at the time judgment was rendered. According to the record, the proceeding had been dismissed for want of prosecution and later reinstated. Thweatt posits that the order reinstating the suit was signed after the expiration of the trial court's plenary jurisdiction. So, the trial court purportedly lacked jurisdiction to subsequently try the matter. We overrule the issue.

Thweatt's argument is premised on the belief that the rules of procedure utilized in small claims courts continued to apply once the cause was appealed to the CCL. We find her premise inaccurate.

Section 28.053 of the Texas Government Code once provided that, with respect to appeals from the small claims court, "[t]rial on appeal is de novo . . . [and] [n]o further pleadings are required and *the procedure is the same as in small claims court.*" TEX. GOV'T CODE ANN. § 28.053(b) (West 2004) (Emphasis added).[1] Yet, in 2009, the legislature deleted the words "and the procedure is the same as in small claims court" from the language of the statute. Act of June 1, 2009, 81st Leg., R.S., ch. 1351, §§ 7-9, sec. 28.052, 2009 Tex. Gen. Laws 4273, 4274. By redacting the verbiage from the statute, we can only conclude that the legislature no longer intended that the rules of procedure utilized in small claims courts applied elsewhere. *Smith v. State*, 959 S.W.2d

---

[1] Chapter 28 of the Government Code was repealed by legislation in 2011, effective August 31, 2013.

1, 19) (Tex. App.—Waco 1997, pet. ref'd) (stating that when the legislature amends a statute, we presume the legislature meant to change the law, and we give effect to the intended change). Thus, rules applicable in small claims court that purportedly reduce the time period in which to reinstate a cause were not controlling once the matter was appealed to the CCL.[2]

We further explain that the Dudleys moved to reinstate the cause on March 19, 2013, or about twelve days after the proceeding was dismissed on March 7, 2013. Additionally, the order reinstating the suit was signed on March 19, 2013. This is of import because a motion for reinstatement may be filed within thirty days after the order of dismissal is signed. TEX. R. CIV. P. 165a(3). The same rule also indicates that the motion is deemed overruled by operation of law if not acted upon within seventy-five days from the date of dismissal. *Id.* So, one must conclude that the CCL here had jurisdiction to grant the Dudleys' motion since its order doing so was signed within thirty days of dismissal.

Thweatt also contends that the trial court lacked jurisdiction to act even if Rule 165a applied. Her argument though is somewhat confusing. For instance, she posits that even though the trial court executed an order reinstating the case on March 19, 2013, the Dudleys' motion seeking that result was overruled by operation of law on May 21, 2013. She then continues by suggesting the trial court lost plenary jurisdiction on June 30, 2013, to reinstate the cause by granting the motion. So, in her view, the trial

---

[2] Prior to August of 2013, Texas Rule of Civil Procedure 569 states: "All motions to set aside a judgment or to grant a new trial . . . shall be made within five days after the rendition of judgment and one day's notice thereof shall be given the opposite party or his attorney." TEX. R. CIV. P. 569 (West 1985, repealed 2013). Texas Rule of Civil Procedure 567 stated: "The justice, within ten days after the rendition of a judgment in any suit tried before him, may grant a new trial therein. . . ." TEX. R. CIV. P. 567 (West 1985, repealed 2013).

court lost jurisdiction to reinstate the cause on June 30th despite having reinstated the cause months earlier. That one is a head scratcher.

Maybe Thweatt is actually suggesting that because the trial court failed to convene a hearing on the motion it must not have been acting on the motion when it signed the order. And, if that is her argument, we find it of no moment. This is so because a proceeding dismissed for want of prosecution may be reinstated by the trial court *sua sponte* within thirty days of dismissal. *In re Fry*, No. 02-09-00195-CV, 2010 Tex. App. LEXIS 1981, at *10 (Tex. App.—Fort Worth March 17, 2010, no pet.) (mem. op.); *In re Aurora Loan Servs.*, 13-05-00541-CV, 2005 Tex. App. LEXIS 9863, at *2-3 (Tex. App.—Corpus Christi November 28, 2005, no pet.) (mem. op.); *Tex. Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 111 (Tex. App.—San Antonio 1997, no writ); *Neese v. Wray*, 893 S.W.2d 169, 170 (Tex. App.—Houston [1st Dist.] 1995, no writ); *Stelter v. Langoria*, 687 S.W.2d 498, 499 (Tex. App.—Houston [14th Dist.] 1985, no writ). And, if we were to accept Thweatt's proposition that the trial court acted *sua sponte* (as opposed to acting upon the Dudleys' motion), its decision fell within the thirty day time period during which it retained jurisdiction to act.

*Reopening Evidence*

Next, Thweatt contends that the CCL erred in granting the Dudleys' motion to reopen evidence after the trial was over but before judgment was entered. We overrule the issue.

The dispute was tried to the court, not to a jury. At the bench trial, held on July 18, 2014, Craig Dudley appeared as the only witness to testify, and, in testifying, he said nothing about providing Thweatt thirty days prior written notice of his intent to quit

4

the premises.[3]  Thereafter, the trial court informed the parties, via a letter dated July 25, 2014, that it intended to rule in favor of Thweatt due to the lack of evidence illustrating Thweatt was afforded the prior notice.  On July 30, 2014, the Dudleys moved to reopen the evidence to provide the missing evidence.  The trial court granted the motion and subsequently received the missing evidence.  This was error, according to Thweatt, because Texas Rule of Civil Procedure 270 did not apply, and if it did, its elements were not satisfied.

First, the proposition that Rule 270 was inapplicable is based upon the belief that the CCL was obligated to follow the procedural rules utilized by small claims courts.  We rejected that proposition above and need not address it again.

Next, Rule 270 provides that "[w]hen it clearly appears to be necessary to the due administration of justice, the court may permit additional evidence to be offered at any time; provided that in a jury case no evidence on a controversial matter shall be received after the verdict of the jury."  TEX. R. CIV. P. 270.  Whether a trial court erred in granting relief under the rule is a matter that we review under the standard of abused discretion.  *McCuen v. Huey*, 255 S.W.3d 716, 738 (Tex. App.—Waco 2008, no pet.).  Moreover, that discretion should be exercised liberally in the interest of permitting both sides to fully develop the case.  *Id., quoting Saunders v. Lee*, 180 S.W.3d 742, 745 (Tex. App.—Waco 2005, no pet.).

---

[3] Generally, a security deposit must be refunded by the 30th day after the date the tenant surrenders the property.  TEX. PROP. CODE ANN. § 92.103(a) (West 2014).  Yet, a landlord may require the tenant to provide advance notice of his intent to surrender as a condition for refunding the deposit if the requirement is underlined or printed in conspicuous bold print in a lease.  *Id.* § 92.103(b).  Such a requirement appeared in the lease at bar.

5

In determining how to exercise its discretion, though, the trial court should consider such indicia as 1) the movant's diligence in obtaining the additional evidence, 2) the decisiveness of the evidence, 3) whether reception of the evidence would cause undue delay, and 4) whether granting the motion would cause any injustice. *McCuen v. Huey*, 255 S.W.3d at 738. Not each indicia must favor the movant, however. *See id.* (upholding the trial court's decision to reopen the evidence even though only three of the four factors favored doing so).

Here, the evidence in question was available to the Dudleys. They could have easily illustrated that they provided Thweatt with written notice of their intent to leave thirty days before the lease term expired. Indeed, such evidence had been presented to the small claims court when it tried the dispute. So, it cannot be said that the Dudleys acted diligently in obtaining the evidence. Nonetheless, the evidence was decisive; it established an element of their claim and filled the void previously encountered by the trial court.

As for the matter of undue delay, Thweatt initiated the proceeding in the CCL in May of 2012. The court then tried the dispute on July 18, 2014, and the Dudley's moved to reopen the evidence twelve days later on July 30, 2014. More importantly, the evidence they sought to admit was at-hand; in other words, obtaining it necessitated no delay. So, nothing prevented the trial court from finally disposing of the suit shortly after receiving the information, if it were to grant the motion.

As for the indicia of injustice or prejudice, the evidence to be proffered did not relate to some new claim against which Thweatt was unable to defend. Nor is there indication that Thweatt either was unaware of the evidence that the Dudleys sought to

6

present or otherwise unable to rebut it due to surprise. As previously mentioned, Thweatt undoubtedly knew of its existence since it had been admitted in the trial conducted by the small claims court. And, the order entered by the CCL did not prohibit Thweatt from developing any position she thought needed enhancement. *See In re Estate of Huff*, 15 S.W.3d 301, 309 (Tex. App.—Texarkana 2000, no pet.) (stating that "the trial court must allow both sides to fully develop the case if a reopening is allowed in the interest of justice").

Given the foregoing circumstances and the policy mandating that discretion whether to reopen evidence should be exercised liberally in the interest of permitting both sides to fully develop the case, we cannot say that the trial court acted arbitrarily or capriciously. And, that prevents us from concluding that it abused its discretion. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex.1985) (stating that a trial court abuses its discretion when it acts unreasonably, arbitrarily or contrary to guiding rules and principles).

*No Obligation to Refund Deposit*

Next, Thweatt argues that the trial court erred in awarding the Dudleys a judgment because they failed to prove they afforded her thirty days written prior notice of their intent to vacate the premises, and unless they so proved, she was not obligated to return the security deposit. We interpret this as an attack on the sufficiency of the evidence underlying the trial court's decision. And, in so interpreting the contention, we overrule it.

As discussed above, leave was afforded the Dudleys to reopen the evidence. Given that opportunity, they presented testimony illustrating that the requisite thirty day

7

written notice was afforded to Thweatt.  So, some evidence appears of record supporting the trial court's implicit ruling regarding the provision of notice.

*Bad Faith*

Finally, Thweatt argues that there was no evidence of bad faith entitling the Dudleys to treble damages.  We overrule the issue.

According to statute, a landlord who, in bad faith, retains a security deposit is liable for an amount equal to the sum of $100, three times the portion of the deposit wrongfully withheld, and the tenant's reasonable attorney's fees in a suit to recover the deposit.  TEX. PROP. CODE ANN. § 92.109(a) (West 2014).  If the landlord, in bad faith, fails to "provide a written description and itemized list of damages and charges . . .," he forfeits his right to withhold any portion of the security deposit or to bring suit against the tenant for damages to the premises and is liable for the tenant's reasonable attorney's fees if the landlord is sued to recover the deposit.  *Id.* at § 92.109(b).  Furthermore, landlords who fail "either to return a security deposit or to provide a written description and itemization of deductions on or before the 30th day after the date the tenant surrenders possession [are] presumed to have acted in bad faith."  *Id.* § 92.109(d).  Finally, a landlord has the burden to prove that retaining any portion of the deposit was reasonable.  *Id.* § 92.109(c).

Evidence appears of record indicating that Thweat provided the Dudleys a timely written description of various items necessitating repair.  So too does evidence indicate that she timely informed them of the total repair costs.  Yet, we are cited to no evidence of record indicating that she timely attributed a cost of repair to each purported item of damage.  Nor did we find any such evidence.  Because she did not itemize the intended

8

charges as required by statute, she was presumed to have acted in bad faith. To rebut that presumption, Thweatt was obligated to prove she acted in good faith, that is, that she acted with honesty in fact in the conduct or transaction concerned. *Pulley v. Milberger*, 198 S.W.3d 418, 428-29 (Tex. App.—Dallas 2006, pet. denied). Yet, she did not testify. Nor did she explain 1) why she did not itemize the deductions she intended to take or 2) how she derived the purported $1,800 cost of repair.

Simply put, she did not rebut the presumption of bad faith, and absent evidence rebutting the presumption, the trial court was authorized to find she acted in bad faith. *Pulley v. Milberger,* 198 S.W.3d at 428 (stating that absent rebutting evidence, "the presumption that the landlord acted in bad faith compels a finding of bad faith"). That, in turn, resulted in her forfeiting any right she had to keep *any* of the deposit. And because she retained all the security deposit while presumptively acting in bad faith, the Dudleys were entitled to recover not only three times the portion of the deposit wrongfully withheld (*i.e.* all of it) but also their reasonable attorney's fees.

Having overruled each issue, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice